IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TINA HENRY, Administrator of the Estate of Ricky A. Meninger, Jr.,

Plaintiff,

v. Civil Action No. 3:26-cv-330

MICHAEL S. BARRETT,

Defendant.

**MEMORANDUM OPINION**

This matter comes before the court on Defendant's MOTION TO TRANSFER VENUE (ECF No. 3) (the "MOTION"), its accompanying BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE (ECF No. 4), PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE (ECF No. 7), and Defendant's REBUTTAL BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE (ECF No. 9). For the reasons stated below, the MOTION will be denied.

Defendant, Michael Barrett, has filed a NOTICE OF REQUEST FOR HEARING (ECF No. 12) on the motion. The issues are fully and adequately briefed and can be decided on the briefs. Oral argument will not aid the decisional process. Therefore, the NOTICE OF REQUEST FOR HEARING (ECF No. 12) will be denied.

**BACKGROUND**

**I. Factual Background**

The Plaintiff's decedent – Ricky Meninger – and Barrett were involved in a two-car accident on Louisa Road in Louisa County,

Virginia on the night of May 10, 2024. ECF No. 7, at 2. Louisa Road is an east/west two-lane street, with the two directions separated by solid, double-yellow lines. Id.

Barrett attempted to pass Meninger at a speed of around 90 miles per hour,[1] exceeding the posted limit and crossing the yellow line separating the lanes of travel. Id. at 2-3. At the time of the collision, Meninger had activated his left turn signal to indicate his intent to cross the eastbound lane, unaware that Barrett was, at that time, traveling west in that lane. Id. at 3. The vehicles collided as Meninger turned, resulting in Meninger's death. Id.

**II. Procedural Posture**

Henry initially filed this action in the Circuit Court of Henrico County because she mistakenly believed that Barrett resided in Henrico. Id. at 1. Upon learning that Barrett in fact lived in Pennsylvania, she filed a near-identical complaint in the Circuit Court for the City of Richmond, Virginia.[2] Id.; see also Complaint, ECF No. 1-1.

---

[1] Henry asserts that Barrett's speed and the subsequent events are verified by a dashboard camera employed by the Defendant. ECF No. 7, at 3.

[2] Barrett does not dispute that he currently resides in Pennsylvania or that did so at the time of filing the two cases. ECF No. 4, at 1.

Barrett removed both cases to the Eastern District of Virginia.[3] ECF No. 7, at 2; see also Notice of Removal, ECF No. 1 (notice of removal from the Circuit Court for the City of Richmond); Notice of Removal, No. 3:26-cv-329, ECF No. 1 (notice of removal from Henrico Circuit Court). The action removed from Henrico was closed on May 28, 2026; this case proceeds from the Richmond complaint. See Order, No. 3:26-cv-329, ECF No. 11 (ordering closure of the Henrico case).

Barrett filed the MOTION on April 28, 2026. ECF No. 3, at 1. He argues that: (1) the Eastern District is an improper venue; and (2) the matter should be transferred to the Western District of Virginia for the convenience of the parties and witnesses. ECF No. 4, at 1-2. Henry opposes this motion, arguing that venue is proper in this Court and that a transfer would not be materially more convenient. ECF No. 7, at 4-10.

**LEGAL STANDARD**

As used in the law of federal civil procedure, "'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts in general . . . ." 28 U.S.C. § 1390(a) (the first section in Chapter 87 — DISTRICT COURTS;

---

[3] Barrett further does not dispute that this Court has diversity subject matter jurisdiction over the case. ECF No. 9, at 3.

VENUE). And, as to actions removed from state courts, Chapter 87 "shall not determine the district court to which a civil action pending in a State court may be removed, but shall govern the transfer of an action so removed as between districts and divisions of the United States district courts." Id. § 1390(c).

In other words, venue determines whether a particular federal court is the one in which an action "should be brought." 20 Charles Alan Wright et al., Federal Practice and Procedure § 44 (2d ed.). For a case removed from state court, venue is proper only in "the district court of the United States for the district and division embracing the place where [the case was] pending." 28 U.S.C. § 1441. For cases originally filed in federal court, venue is appropriate in (1) any district where a defendant resides, if all defendants reside in the same state, (2) any district where a "substantial part" of the claim arose, or (3) any district where a defendant is subject to personal jurisdiction, if no other venue is proper. Id. § 1391(b).

The change of venue statute, 28 U.S.C. § 1404(a), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." Similarly, if venue was improper when the case arrived in federal court, the district court may either dismiss

or, in the interest of justice, transfer to a proper venue. Id. § 1406(a).

A transfer of venue involves a two-step inquiry. First, the court asks if the claims "might have been brought" in the defendant's preferred forum. Bryerson v. Equifax Info. Servs., LLC, 467 F. Supp. 2d 627, 631 (E.D. Va. 2006) (quoting 18 U.S.C. § 1404(a)). Next, the court weighs several factors to determine whether the transferee forum is the better location to hear the case, including:

> (1) ease of access to sources of proof;
> (2) the convenience of the parties and witnesses;
> (3) the cost of obtaining the attendance of witnesses;
> (4) the availability of compulsory process;
> (5) the interest in having local controversies decided at home;
> (6) in diversity cases, the court's familiarity with the applicable law; and
> (7) the interest of justice.

Id. (quoting Samsung Elecs. Co. v. Rambus Inc., 386 F. Supp. 2d 708, 715 (E.D. Va. 2005)). The statute does not provide the relative weight of each factor; however, "[t]he principal factors to consider . . . are plaintiff's choice of forum, witness convenience, access to sources of proof, party convenience, and the interest of justice." Id. at 632 (quoting Samsung, 386 F. Supp. 2d at 715). "Ultimately, 'the trial court must consider all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of

justice be better served by transfer to a different forum.'" Id. (quoting Samsung, 386 F. Supp. 2d at 716). Barrett, as the party moving for a change of venue, bears the burden to show that transfer is appropriate. Id. at 631.

**ANALYSIS**

Although the action could have been brought in the Western District of Virginia, because Louisa County — the site of the accident — is located there, venue is also appropriate in this Court. Barrett has not satisfied his burden of demonstrating that a transfer is warranted.

**I. Venue Is Appropriate in This Court**

The Eastern District of Virginia is an appropriate venue for this case. The complaint was originally filed in a state court located in the city of Richmond. ECF No. 7, at 2. This Court encompasses the Richmond Circuit Court. Id.; 28 U.S.C. § 127(a) (establishing the Eastern District of Virginia to include Richmond City). Thus, venue is proper under 28 U.S.C. § 1441.

Barrett argues that "venue is not appropriate" in this Court and that "this action could not have even been brought in this court." ECF No. 4, at 1; ECF No. 9, at 3. He asserts that 28 U.S.C. § 1391 is the exclusive venue provision applicable in this case, citing Gibb v. Cox Media, LLC, No. 3:10-cv-656, 2010 WL 4628921 (E.D. Va. Nov. 8, 2010) (granting a motion to transfer venue from

the Richmond Division to the Newport News Division of the Eastern District of Virginia). See generally ECF No. 9. His reliance on that decision is misplaced: Gibb holds merely that removal does not preclude a later transfer of venue, not that venue is improper in the jurisdiction to which the case was removed. See Gibb, 2010 WL 4628921, at *2 (acknowledging that the transferring court's venue was proper). In any event, consideration of § 1391 in evaluating venue in a removed case is "irrelevant" and "beside the point." Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 666 (1953).

**II. The Change of Venue Motion Will Be Denied**

This case could have been brought in the Western District of Virginia. Henry does not dispute that personal jurisdiction, subject matter jurisdiction, and venue would each have been present in that court. See ECF No. 7, at 5 ("Plaintiff could have brought this civil action in the Western District."). Thus, the analysis next addresses the § 1404(a) factors.

**A. Plaintiff's Choice of Venue**

The Plaintiff's decision to file in a particular venue is "typically entitled to substantial weight." Samsung, 386 F. Supp. 2d at 716. Plaintiff chose to litigate this matter in a geographic location within the Eastern District, albeit initially in state courts within that location. Because venue is proper in this Court

due to the removal, 28 U.S.C. § 1441, this factor weighs in favor of the Plaintiff.[4] See also 28 U.S.C. § 1390(c)-(d), discussed supra.

**B. Convenience of the Parties and Witnesses**

The convenience of the parties does not favor transferring venue. Barrett does not address whether he, as a party, would be inconvenienced by traveling to the Eastern District as opposed to the Western District. See generally ECF No. 4; ECF No. 9. By contrast, Henry asserts, uncontested, that travel times and distances from Barrett's residence in York County, Pennsylvania to the Eastern and Western Districts of Virginia are not materially different. See ECF No. 7 at 6; compare ECF No. 7-4, at 1 (showing a 201-mile journey to Richmond, in the Eastern District) with ECF No. 7-4, at 2 (showing a 205-mile journey to Charlottesville, in the Western District). Plaintiff is a resident of Louisa County, located within the Western District. See ECF No. 1-2, at 1. However, because Plaintiff chose to file this case in the Eastern District and contests the change of venue, any potential inconvenience to her needs to be given no weight. Therefore, the

---

[4] Barrett argues that Henry's choice of venue should be given little weight because "the state court filings are improper." ECF No. 9, at 4. However, 28 U.S.C. § 1441(f) provides that a federal court may continue to hear a removed case whether or not the state court had jurisdiction. See 28 U.S.C. § 1441(f).

convenience of the parties does not justify hearing the case in the Western District.

The convenience of the witnesses and evidence has not been shown to weigh toward a change of venue. As movant, Barrett "has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony" for the Court to evaluate the extent of any difficulty with their attendance. Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 636 (E.D. Va. 2003) (citing Corry v. CFM Majestic, Inc., 16 F. Supp. 2d 660, 667 n.16 (E.D. Va. 1998)). This burden is met in circumstances where "the record as a whole supports the conclusion that the majority of the witnesses are located in or near" the transferee forum. Corry, 16 F. Supp. 2d at 667 n.16 (granting in part a motion to transfer venue from the Eastern District of Virginia to the Northern District of Indiana because the witnesses were primarily located in Indiana).

Barrett has not produced any affidavits from witnesses asserting trouble traveling to the Eastern District. He instead argues that unspecified "police, fire, and EMT professionals" will likely testify and that these witnesses would face an "undue burden" when coming to Richmond. ECF No. 9, at 5. Even assuming that these statements meet the Corry burden, the relatively small distance between the neighboring Eastern and Western Districts

indicates that any inconvenience to these witnesses will be minimal. As Barrett himself states, there would at maximum be only around a 25-mile difference in travel between the two courthouses.[5] See id. When compared to the typical change of venue motion seeking transfers between districts in different states, see, e.g., Corry, 16 F. Supp. 2d at 661, this slight disparity does not have any meaningful impact on witness convenience or cost. Thus, the witnesses are properly located "near" this Court. Id. at 667.

There is no evidence that the Western District of Virginia would facilitate compelling witness attendance or receiving evidence. The limited record available to this Court indicates that the likely witnesses reside or are employed in Louisa County, Virginia, or are themselves parties to the case. See ECF No. 9, at 4-5 (alleging the primary witnesses would be Louisa emergency personnel); ECF No. 7, at 3 ("There are only two known eyewitnesses to the crash: [the deceased] . . . and Defendant."). There is

---

[5] Barrett also writes that the "inconvenience associated with the traffic [and] parking" in downtown Richmond justifies a change of venue. ECF No. 9, at 5. A brief glance at a map shows there are at least five parking lots or decks within one block of the federal courthouse in Richmond, and many more if one extends the radius further. And if the many judges, law clerks, and staff of this Court, as well as various attorneys, parties, and witnesses, are all able to drive to the courthouse daily despite the risk of traffic, then Barrett will likely have little trouble. Thus, the driving/parking situation in Richmond does not justify changing the venue.

nothing in the record to show that such witnesses would not be subject to this Court's subpoena power under Fed. R. Civ. P. 45(c). Although those unidentified witnesses (whoever they may be) may live outside of this District, Barrett has alleged that their place of work falls inside the 100-mile radius around this Court contemplated by the rule. See Fed. R. Civ. P. 45(c)(1)(A) (giving effect to subpoenas issued to witnesses who are employed within 100 miles of the trial location); ECF No. 9, at 5 (arguing that the Louisa County offices of likely witnesses' place of employment are within 57 miles of this Court). Furthermore, the most significant piece of evidence in the briefing is a recording made by the Barrett's dashboard camera during the accident. See ECF No. 7, at 3. The video already has been filed with this Court and, thus, acquiring it would not inconvenience the trial. See ECF No. 7-3 (indicating that the video has been filed with the Clerk's Office).

**C. The Interest of Justice**

Finally, the interest of justice would be best served by leaving the case in the Eastern District of Virginia. The interest of justice analysis "encompasses public interest factors aimed at 'systemic integrity and fairness.'" Bryerson, 467 F. Supp. 2d at 635 (quoting Samsung, 386 F. Supp. 2d at 721). Those factors include avoiding inconsistent judgments, judicial economy, which

district's citizens should be burdened by jury duty, and the familiarity of the court with the law to be applied. Id.

Here, there is nothing to portend a risk of inconsistent judgments. There is no evidence about docket conditions in either relevant district, or the relative fairness of calling Richmonders or Charlottesvillians to serve as jurors. See generally ECF No. 4; ECF No. 7; ECF No. 9. This case arises under Virginia law: The Eastern District and the Western District of Virginia are equally adept at applying the law of this commonwealth. Systemic integrity, therefore, would be best preserved by the case remaining in this Court. See Bryerson, 467 F. Supp. 2d at 635.

**CONCLUSION**

This Court is an appropriate venue for the trial in this case. There would be little, if any, convenience or fairness benefit from transferring the action to the Western District. For the foregoing reasons, the MOTION (ECF No. 3) will be denied. So too will the NOTICE OF REQUEST FOR HEARING (ECF No. 12).

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 20, 2026